**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert A. PICHNARCIK, Defendant-
Appellant.**

**No. 24308.**

United States Court of Appeals,
Ninth Circuit.

June 15, 1970.

Charles E. Cates, Phoenix, Ariz., (argued), Robert Pichnarcik, pro se, for defendant-appellant.

Jerald E. Olson, (argued), Asst. U. S. Atty., Stan Pitkin, U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before CARTER and TRASK, Circuit Judges, and BATTIN *, District Judge.

BATTIN, District Judge:

Robert A. Pichnarcik and his brother, Charles J. Pichnarcik, were indicted for mail fraud and conspiracy pursuant to Title 18 U.S.C., Sections 1341 and 371. They were convicted on verdicts of guilty by a jury. Robert appeals.

Appellant was a mortgage financing broker. In January, 1966, he filed a voluntary petition in bankruptcy in Phoenix, Arizona. In February, 1966, he went to Seattle to commence a mortgage financing business with his brother.

---

* Honorable James F. Battin, United States District Judge for the District of Montana, sitting by designation.

With two local residents, they organized Interstate Services Corporation, which commenced business in April, 1966, and continued until about June, 1967. The corporation advertised in newspapers for loan applications. Applicants were required to sign an agreement and pay an advance fee for presenting a loan application. No loans were successfully completed.

■ Appellant first contends that the reference to his prior bankruptcy in the indictment and in the testimony deprived him of a fair trial. Part of Count I of the indictment reads as follows:

"5. It was a further part of said scheme and artifice to defraud that defendants would, and they did, conceal from and omit to disclose to applicants and prospective applicants, and to dealers and prospective dealers, and others:

"(a) That the defendant CHARLES PICHNARCIK had no prior experience in the field of mortgage brokerage and in arranging loans, and that his principal occupation for some years had been that of a salesman, a bartender, a cook, and a waiter.

"(b) That defendant ROBERT PICHNARCIK on or about January 17, 1966, he (sic) had filed a voluntary petition in bankruptcy at Phoenix, Arizona.

"(c) That no loans had been obtained for any of the more than one hundred applicants who had paid advance fees to defendants."

Through the testimony of government witnesses and through Appellant's direct testimony, the fact of Appellant's prior bankruptcy was put before the jury. One witness, a Dorothy Jarvis, testified that Appellant told her regarding the business in Arizona that "they had made a lot of money in that business." Appellant contends that the relevancy of the bankruptcy is greatly outweighed by the harm it engenders. Appellant cites 6 Wigmore, Evidence (3rd Ed.), Section 1904, which states in part:

"Circumstantial evidence, concededly relevant, may nevertheless be excluded by reason of the general principle (ante § 1863) that the probative usefulness of the evidence is more than counterbalanced by its disadvantageous effects in confusing the issues before the jury, or in creating an undue prejudice in excess of its legitimate probative weight."

■ We agree that this balancing of probative value against prejudice is a proper rule. We do not agree, however, that the probative value of the bankruptcy here was outweighed by any prejudice it created in the minds of the jury. Nor was the subject of bankruptcy inadmissible because it tended incidentally to put Appellant's character in issue. Cochran v. United States, 310 F.2d 585 (8 Cir. 1962). The bankruptcy was circumstantial evidence which tended to establish motive, intent, or design on the part of Appellant in carrying out the alleged scheme to defraud. On direct examination, Appellant explained that the Arizona company was in financial difficulty shortly after it was formed, that he personally assumed obligations of other persons in the company, and that he tried desperately to pay off the obligations but finally had to file bankruptcy. The trial judge instructed the jury that the government must prove beyond a reasonable doubt that at least one of the false pretenses, representations, promises or omissions charged in each count was actually made in order to prove guilt as to each count. The concealment of Appellant's bankruptcy was only one of many false pretenses charged in Count One. Considering Count One as a whole and Appellant's explanation of his bankruptcy, we conclude that the trial judge did not abuse his discretion in admitting the circumstantial evidence of bankruptcy and that the prejudicial effect of the evidence did not outweigh its probative value.

■ Appellant next contends that the trial court erred in sustaining the government's objection to the admission of Exhibit A–87. The contention is with-

out merit. Exhibit A–87 is a telegram which tends to corroborate Appellant's testimony that a loan had been successfully completed. The defense sought to introduce the exhibit through the testimony of defendant Charles Pichnarcik. But Charles had resigned from the corporation five months before the date of the telegram. Charles had no personal knowledge of the exhibit and the trial judge properly refused its admission on the ground of hearsay.

■ Appellant's third contention is that he was deprived of a fair trial because the prosecutor in closing argument asked the jury to put themselves in the place of the victims and "how would you feel about what Interstate Services did with the $450 that they took from you as an advance fee?" Appellant did not object at the trial. We do not think the prosecutor's statement affected the substantial rights of Appellant. While a statement asking the jurors to put themselves in place of the victims will not be condoned as good practice, any error resulting from the statement in this case was harmless.

■ Appellant also argues that the trial court erred in denying Appellant's motion to dismiss the conspiracy count of the indictment. We think that the evidence of conspiracy was sufficient to submit the question to the jury. Both defendants represented that they had practically unlimited access to loan funds in California or the East. Both were present and explained the procedure for placing loans to at least one government witness. Both encouraged Dorothy Jarvis to invest $3,000 in the corporation and to become an officer. Both were aware of Robert's bankruptcy but both represented to Mrs. Jarvis before the corporation was formed that the Arizona business had been a success. In short, we think the record taken as a whole contains sufficient evidence for the jury to determine whether a conspiracy existed. The motion to dismiss was properly denied.

Appellant's last three specifications of error have to do with instructions. Under Rule 30 of the Federal Rules of Criminal Procedure an objection must be made at trial in order to assign error to any instruction or omission of an instruction. In this case, no objection was made. Furthermore, the conspiracy instruction was proper when read as a whole. The circumstantial evidence instruction was proper in light of United States v. Nelson, 419 F.2d 1237 (9 Cir. 1969). And the refusal of the inference instruction was proper under Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1955). We find no error.

Affirmed.