**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Billie Joe CAMPBELL, aka Shorty Greek, Defendant-Appellant.**

**No. 72–1113.**

United States Court of Appeals, Ninth Circuit.

Aug. 28, 1972.

Certiorari Denied Dec. 11, 1972.

See 93 S.Ct. 571.

Allin H. Pierce, Jr., San Francisco, Cal., for defendant-appellant.

William C. Smitherman, U. S. Atty., Stephen McNamee, Asst. U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before KOELSCH, DUNIWAY and CHOY, Circuit Judges.

PER CURIAM:

Appellant Billie Joe Campbell was convicted by a jury of violating 21 U.S.C. § 952(a) for smuggling marijuana into the United States from Mexico and of knowingly and intentionally distributing marijuana in violation of 21 U.S.C. § 841(a)(1). He appeals. We affirm.

Campbell contends that the district court erred (1) when it admitted into evidence a receipt found in the glove compartment of a vehicle used in the smuggling, indicating the purchase of a weapon by Campbell; and (2) when it failed to give the jury special instructions regarding the use of testimony by a government agent as to what he did after talking to an informant. In addition, Campbell contends that the prosecution failed to sustain the burden of proof that he at any time had possession of any marijuana.

Although circumstantial evidence which is relevant may be excluded

because of its countervailing prejudicial effect on the defendant, United States v. Pichnarcik, 427 F.2d 1290, 1291 (9th Cir. 1970), the district judge's determination in this area is to be reversed only if he has abused his wide discretion. Wilson v. United States, 250 F.2d 312, 325 (9th Cir. 1958); *accord,* United States v. Fisher, 455 F.2d 1101, 1104 (2d Cir. 1972). Appellant had asserted an alibi defense, so evidence connecting him with the car and the marijuana was crucial. The gun-purchase receipt bore appellant's full name, and one of the government agent witnesses had been unable to identify appellant as the man he had seen. Admission of the evidence was not an abuse of discretion. *See* United States v. Fisher, *supra*; United States v. Pichnarcik, *supra*.

■■ Neither was it error for the lower court to overrule appellant's hearsay objection to a government agent's testimony regarding what he did after talking to an informant. This was not hearsay, as the witness did not testify as to what the informant told him, nor was the evidence offered to prove the truth of what the informant said. Davis v. United States, 411 F.2d 1126, 1127–1128 (5th Cir. 1969). No limiting instruction was requested and the failure to give one was not reversible error. Busby v. United States, 296 F.2d 328, 332 (9th Cir. 1961), cert. denied 369 U. S. 876, 82 S.Ct. 1147, 8 L.Ed.2d 278 (1962); Craft v. United States, 403 F. 2d 360, 363 (9th Cir. 1968).

■■ Finally, there was clearly sufficient evidence for the jury to find that Campbell had smuggled contraband across the border. While it is true that mere presence or proximity to contraband is insufficient to establish guilt, United States v. Thomas, 453 F.2d 141, 143 (9th Cir. 1971), cert. denied 405 U.S. 975 (1972), 92 S.Ct. 1195, 31 L.Ed.2d 249, there was additional evidence including the testimony of government agents and several accomplices which tied appellant in with the marijuana.

Affirmed.