**UNITED STATES of America, Appellee,**

v.

**Fred WALKER, Appellant.**

**No. 80–1567.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 13, 1980.

Decided Nov. 18, 1980.

Fredman, Fredman & Kopf by Richard A. Fredman, St. Louis, Mo., for appellant.

Robert D. Kingsland, U. S. Atty., Pamela H. Bucy, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before HEANEY, BRIGHT and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

The sole issue raised in this appeal is whether the district court erred in admitting testimony alleged to be inadmissible hearsay. We affirm.

Defendant, Fred Walker, Jr., appeals from his jury conviction[1] on a charge of distributing cocaine in violation of 21 U.S.C. § 841(a)(1).

The evidence adduced at trial relevant to the issue on appeal showed the following. Agent Shurn of the Drug Enforcement Administration, working in an undercover capacity, purchased cocaine from appellant Walker on June 26, 1979, for five hundred dollars in marked United States currency. This was Agent Shurn's second meeting with appellant.

The questioned testimony arose out of Shurn's first meeting with appellant which had been arranged by a confidential informant. The relevant testimony was as follows:

[Prosecutor]

Q  And could you describe this meeting?

[Agent Shurn]

A  I had received—earlier that morning I had received a call from a confidential informant that a—

---

1. The Honorable John K. Regan, Senior District Judge, Eastern District of Missouri, presiding, imposed a sentence of eight years imprisonment to be followed by a special parole of three years.

MR. LEE: I would object to this, Your Honor, as calling for hearsay.

THE COURT: I will sustain that objection.

Q [Prosecutor] Agent Shurn, without stating what this individual told you acting upon what the individual did tell you, what did you do?

MR. LEE: Excuse me. Your Honor, I would object to that on the same reasons, it's hearsay.

THE COURT: It's what he did after receiving the telephone call.

MR. LEE: My objection is strictly based upon hearsay.

THE COURT: Well, he is not relating what was said, he is telling what he did thereafter.

Agent Shurn was then allowed to testify that he proceeded to Vandeventer and St. Louis Avenue in the city of St. Louis. He described the first meeting between himself and the appellant.

It is appellant's contention that Agent Shurn's testimony, with respect to his actions following the phone conversation with the confidential informant, was not offered for any reason other than to establish the content of the phone conversation, which was clearly hearsay and inadmissible. We do not agree.

"Hearsay is testimony in court of an out–of–court statement offered to show the truth of the matters asserted in that statement." *Giblin v. United States*, 523 F.2d 42, 45 (8th Cir. 1975), *cert. denied*, 424 U.S. 971, 96 S.Ct. 1470, 47 L.Ed.2d 739 (1976); *see* Fed.R.Evid. 801(c). Agent Shurn did not testify as to any statement made by the confidential informant. He merely testified as to his own behavior based on information he received from the informant. This type of testimony is not hearsay and is properly admissible.

This precise issue was before the court in *United States v. Campbell*, 466 F.2d 529, 531 (9th Cir.), *cert. denied*, 409 U.S. 1062, 93 S.Ct. 571, 34 L.Ed.2d 516 (1972), where the court held that the trial court properly overruled defendant's hearsay objection:

Neither was it error for the lower court to overrule appellant's hearsay objection to a government agent's testimony regarding what he did after talking to an informant. This was not hearsay, as the witness did not testify as to what the informant told him, nor was the evidence offered to prove the truth of what the informant said. *Davis v. United States*, 411 F.2d 1126, 1127–1128 (5th Cir. 1969).

*Nash v. United States*, 405 F.2d 1047, 1052 (8th Cir. 1969), cited by appellant, does not support his position. Police officers were permitted to testify that they had received information to be on the lookout for a brown Chrysler with a certain license number. In affirming, we noted that this testimony was not within the hearsay rule because the testimony was not offered to prove that the described auto was the car actually involved in the crime, but rather the testimony was used to indicate why defendant's auto was stopped.

The testimony elicited from Agent Shurn was not hearsay or otherwise inadmissible.

Affirmed.