**Michael Lee SCHAFFER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 113–87.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 20, 1989.

Joseph A. Connors, III and Flabio Escobar, Jr., McAllen, for appellant.

Rene Guerra, Dist. Atty., Theodore C. Hake, Asst. Dist. Atty., Edinburg, Robert Huttash, State's Atty. and Carl E.F. Dally, Sp. Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Presiding Judge.

A jury found appellant, Michael Lee Schaffer, guilty of possessing peyote, a controlled substance. The trial court assessed punishment at ten years' confinement. The Corpus Christi Court of Appeals reversed appellant's conviction finding that the trial court improperly allowed the State to introduce hearsay evidence before the jury. *Schaffer v. State*, 721 S.W.2d 594 (Tex.App.—Corpus Christi 1986). We granted the State's petition for discretionary review to examine the Court of Appeal's holding and now affirm.

A McAllen police officer arrested appellant in a stolen van which contained approximately 1,700 grams of bagged and loose peyote buttons. Appellant testified at trial. He admitted to being inside the stolen van and to knowing that the van contained the controlled substance. Appellant's defense, however, was that he was acting as a police informer. He named "Jimmy Seals" as the Abilene police officer with whom he had worked for two years previous to his arrest. He further testified that during those two years he had provid-

ed authorities information leading to the arrests and convictions of several drug dealers.

Apparently surprised, the prosecutor asked Manuel A. Segovia, a narcotics investigator for the Hidalgo County Sheriff's Office who had testified earlier on behalf of the State, to phone officer Seals. Thereafter, in rebuttal to appellant's testimony, Officer Segovia testified as follows:

"Q. Officer Segovia, when was the first time you heard the name of—a person by the name of Jimmy Seals?

"A. This morning.

"Q. And who, if anybody, informed you of that name?

"A. You did, sir.

"Q. And were you able to contact Officer Seals?

"A. Yes, sir.

"Q. And when was this?

"A. This morning.

"Q. And did you have occasion to talk to him?

"A. Yes, sir, I did.

"Q. Without telling us what he told you, Officer Segovia, would you, at this time, ask the State to drop charges against Mr. Schaffer?

"A. No, sir."

Neither the State nor appellant subpoenaed Officer Seals for trial. Appellant testified that he had talked with Seals about testifying but that the Officer did not know if he would be able to come on such short notice. Seals did not testify at trial.

At trial and upon appeal, appellant asserted that the State had elicited hearsay testimony before the jury when it received a negative answer from Officer Segovia in response to its question of whether the Officer would request that the State drop charges against appellant after talking with Officer Seals. The trial court overruled appellant's hearsay objection but the

Corpus Christi Court of Appeals reversed the conviction, holding:

"While this form of question and answer does not produce hearsay in the classic or textbook sense, it is nevertheless designed to circumvent the hearsay rule and present the jury with information from unsworn, out-of-court sources. It should be called 'backdoor' hearsay and should be subject to the same rules and limitations as the more common form." *Schaffer*, 721 S.W.2d at 597.

We agree with the Court of Appeals and hold that the trial court should have sustained appellant's hearsay objection.

The State in its petition for discretionary review insists that there is no valid reason to label Officer's Segovia's testimony as hearsay. The State offers Tex.R.Crim. Evid. 801(d) as instructive of what constitutes hearsay: " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." [1] By inference, the State suggests that since no out-of-court "statement" was received into evidence, no hearsay violation occurred. We disagree.

The rule concerning the type of hearsay in this case is set out in *McCormick on Evidence:*

"If the purpose of the testimony is to use an out-of-court statement to evidence the truth of facts stated therein, the hearsay objection cannot be obviated by eliciting the purport of the statement in indirect form. Thus evidence as to the purport of 'information received' by the witness, or testimony of the results of investigations made by other persons, offered as proof of the facts asserted out of court, are properly classed as hearsay." *McCormick on Evidence*, Section 249, p. 735 (Cleary Rev., 3rd Ed.1984).

The applicable hearsay rules contained in the Civil Rules were and are, in all material aspects, the same as those now contained in the Criminal Rules.

---

1. Trial of this case occurred prior to the effective date of the Texas Rules of Criminal Evidence, nevertheless, Article 38.02, V.A.C.C.P. (repealed) made the Texas Rules of Civil Evidence applicable in criminal cases to the extent that they did not conflict with the Code of Criminal Procedure or the Penal Code.

Thus, where there is an inescapable conclusion that a piece of evidence is being offered to prove statements made outside the courtroom, a party may not circumvent the hearsay prohibition through artful questioning designed to elicit hearsay indirectly. In short, "statement" as defined in Tex.R. Civ.Evid. 801(a) (now see Tex.R.Crim.Evid. 801(a)) necessarily includes *proof* of the statement whether the proof is direct or indirect.

■ In the case before us, the State did indirectly that which it could not do directly—Officer Segovia's testimony informed the jury that Seals told him that appellant was not an informant. To regard the testimony in any other manner is disingenuous—a jury is not likely to make legal distinctions between a flat-out narrative ("Seals told me that appellant is not an informant") and an oblique narrative ("Without telling us what [Officer Seals] told you ... would you ask the State to drop the charges"). There is no doubt that the State's sole intent in pursuing this line of questioning was to convey to the jury that Seals had told Segovia that appellant was not an informant. There is no other reason to question Segovia (who had already testified at trial on other matters) other than to destroy appellant's defense that he was working with authorities. Indeed, in his final arguments to the jury, the prosecutor stated:

"Counsel [for the defense] has told you that the Defendant has been in jail for a long time. Don't you think Defense Counsel had the opportunity to talk with Mr. Seals long before this—and nip this at the bud, by telling me, 'Mr. Hernandez, you are wrong. This man is an informer.'

\* \* \* \* \* \*

"Regardless of what I say or what anybody else has said in this case, that factor, which I submit to you is the only

issue left in this case, whether that man was acting as an agent for a police department as he had told you. Is it true? "Recalling that each side has the power of subpoena, has he brought you any other evidence to confirm what he had told you?

\* \* \* \* \* \*

"The State took action when we heard of Mr. Seals. We took action. We found Mr. Seals. That is all that I have to say on that matter." [2]

We therefore hold that the trial court improperly allowed the State to introduce hearsay testimony before the jury.

The State, in its petition for discretionary review and brief on the merits, has referred this Court to several of our cases where we have held that it was not erroneous for a police officer to relate to the jury that he or she acted in response to information received by others. The State cites: *Black v. State*, 503 S.W.2d 554 (Tex.Cr. App.1974); *Johnson v. State*, 379 S.W.2d 329 (Tex.Cr.App.1964); *Locke v. State*, 169 Tex.Crim. 361, 334 S.W.2d 292 (1960); and *Lufkin v. State*, 144 Tex.Crim. 501, 164 S.W.2d 709 (1942). Each of these cases is distinguishable from the case that is now before us.

■ Frequently, testimony will have an impermissible hearsay aspect along with a permissible nonhearsay aspect. Almost always it will be relevant for a testifying officer to relate how she happened upon the scene of a crime or accident; thus, it is permissible for her to testify that she was acting in response to "information received." "[A]n arresting officer should not be put in the false position of seeming just to have happened upon the scene, he should be allowed some explanation of his presence and conduct." *McCormick*, supra, Section 249, p. 734.[3] The police officer,

---

**2.** The propriety of the prosecutor's final arguments was addressed by the Court of Appeals in its opinion. *Schaffer*, 721 S.W.2d at 595–596. Appellant filed a cross-petition for discretionary review asking that this Court determine the correctness of this portion of the lower appellate court's decision. We refused the petition and

make no comment on the Court of Appeals' disposition of this point of error.

**3.** McCormick claims this rule of evidence has received widespread abuse in the courts and points out that "cases abound" in which officers are allowed to relate out-of-court statements under the guise of contextualizing his or her ac-

however, should not be permitted to relate historical aspects of the case, replete with hearsay statements in the form of complaints and reports on grounds that she was entitled to tell the jury the information upon which she acted.[4] See, e.g., *Vines v. State*, 479 S.W.2d 322, 324 (Tex.Cr.App. 1972) (after testifying that an intake officer is responsible for not allowing intoxicated arrestees to leave from jail house, police officer testified that intake officer did not allow the defendant to leave); *Deary v. State*, 681 S.W.2d 784, 788 (Tex.App.— Houston [14th Dist.] 1984, pet. ref'd) (after testifying that he interviewed the defendant's co-actor in a shoplifting incident, officer testified that he was able to locate the defendant's photograph to show the complainant). See also *United States v. Brown*, 767 F.2d 1078, 1083 (4th Cir.1985); *Harris v. Wainwright*, 760 F.2d 1148, 1151 (11th Cir.1985); *United States v. Hernandez*, 750 F.2d 1256, 1257–58 (5th Cir.1985).

In each of the cases cited by the State, the officer merely related how he happened upon the scene. See *Black*, 503 S.W.2d at 557 (defendant arrested as a result of a phone call); *Johnson*, 379 S.W.2d at 333 (police stopped defendant's car after receiving radio broadcast); *Lufkin*, 164 S.W.2d at 711 (police waited for defendant at depot because of information they had received). Such testimony was necessary for the jury's understanding of the events and was not introduced for the truth of any implications. Cf., Tex.R.Crim.Evid. 801(d) (defining hearsay as a "statement ... offered in evidence to prove the truth of the matter asserted"). In the case at bar, however,

the State introduced Segovia's testimony for no other reason than to inferentially prove Seals told Segovia that appellant was not an informer. Seal's out-of-court, implied statement was offered for its truth and was therefore hearsay.

Finally, we hold that introduction of the hearsay has affected "a substantial right" of appellant mandating reversal of his conviction. Tex.R.Crim.Evid. 103(a). As noted in the State's final arguments before the jury, whether appellant was an informant was essential to resolution of the case. Appellant was entitled to have that issue fairly litigated before the jury. Indeed, the State in its briefs to this Court has neither maintained that the error was harmless nor has the State contested the Court of Appeals' holding that introduction of the statement constituted reversible error.

Therefore, the opinion of the Court of Appeals reversing appellant's conviction is affirmed.

CAMPBELL, Justice, dissenting on State's petition for discretionary review.

I feel that the majority opinion is incorrect for two reasons. First, Segovia never related an out-of-court statement, as defined in the Rules of Evidence. Thus, the Rules' prohibition against introduction of hearsay does not apply to the alleged error in this case. Second, even if Segovia's testimony was an out-of-court statement, it was introduced as the basis for Segovia's

---

tions. Two of these cases cited by McCormick are: *Cobb v. State*, 244 Ga. 344, 260 S.E.2d 60 (1979) (officer allowed to testify as to victim's statements concerning the details of the crime and partial identification of the crimes and the getaway car); *Walters v. State*, 271 Ind. 598, 394 N.E.2d 154 (1979) (officer allowed to testify that victim's father said accused had a vendetta against the victim). Admittedly, our case of *Locke v. State*, 169 Tex.Crim. 361, 334 S.W.2d 292 (1960), cited by the State, may have crossed the line to allow impermissible hearsay before the jury. In *Locke*, the arresting officer testified that he acted upon "information received *from a reliable source.*"

**4.** An officer's actions may be made an issue before the jury, see Article 38.23, V.A.C.C.P., and

thus it may be necessary for the officer to testify not only how he happened upon the scene, but also the specific information received so that the jury may resolve any issues regarding an officer's actions. When, however, the officer's actions (e.g., an arrest or a search) are not put into question before the jury, testimony that the officer acted upon "information received" or words to that affect should be sufficient. See *McCormick*, supra, Section 249, p. 734. See also *Hardesty v. State*, 667 S.W.2d 130, 133 (Tex.Cr. App.1984) (noting that an attempt by the State to offer evidence regarding defendant's arrest not put into issue by the defendant before the jury should be barred).

opinion, not for the truth of the matter asserted. While the majority is correct that the evidence should not have been admitted, the proper reason for excluding the evidence is that Segovia's opinion was irrelevant, and the prejudicial effect of his statement concerning the conversation with Seals, outweighed its probative value. Appellant did not object on this ground at trial and cannot now raise it on appeal. The majority's rush to reach the "right" result has caused it to substitute an unsupported theory concerning "backdoor hearsay" in place of a sound, but unpreserved, relevance objection.

Contrary to the majority's contention that the "rule concerning the type of hearsay in this case is set out in *McCormick on Evidence*," slip op. at 113, the governing rules concerning hearsay are set out in the Rules of Evidence.[1] Thus, we must begin our analysis of this question with the rules themselves. Civil Rule of Evidence 801 provides the following definitions relevant to hearsay:

(a) **Statement.** A "statement" is (1) an oral or written verbal expression or (2) nonverbal conduct of a person, if it is intended by him as a substitute for verbal expression.

(b) **Declarant.** A "declarant" is a person who makes a statement.

(c) **Matter asserted.** "Matter asserted" includes any matter explicitly asserted, and any matter implied by a statement, if the probative value of the statement as offered flows from declarant's belief as to the matter.

(d) **Hearsay.** "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

In the instant case, the objected-to statement by the witness was his response, "no." While "no" is a statement within the meaning of Tex.R.Civ.Evid. 801(a), an oral verbal expression, it is not a statement "other than one made by the declarant while testifying at the trial or hearing." Thus, regardless of what was intended to be proven by the witness's statement, that statement does not fit the definition of "hearsay" provided in the Rules of Civil Evidence.

A second flaw of the majority opinion lies in its incorrect analysis of the "non-hearsay purpose" of a statement. The State cites a number of cases for the proposition that Segovia's testimony was not hearsay. Without explanation, the majority states that these cases are distinguishable.[2] Although these cases are not factually identical to the instant case, they do stand for the proposition that a witness may testify that his or her opinion or action was based on hearsay information. In addition, a witness may testify in such a way that would make the content of the hearsay statement clear to the jury by simple inference. *Black v. State*, 503 S.W.2d 554 (Tex. Cr.App.1974) (existence of out-of-court statement made known to explain why police officer arrested defendant); *Johnson v. State*, 379 S.W.2d 329 (Tex.Cr.App.1964) (existence of out-of-court statement made known to explain why police officer arrested defendant); *Locke v. State*, 334 S.W.2d 292 (Tex.Cr.App.1960) (existence of out-of-court statement made known to support

1. As noted in the majority opinion's first footnote, this case was tried under the Civil Rules of Evidence.

2. Unfortunately, the chief case cited by appellant and relied upon by the majority *is* distinguishable. *Vines v. State*, 479 S.W.2d 322, 324 (Tex.Cr.App.1972). In *Vines*, the defendant was charged with driving while intoxicated. A police officer testified that it was local procedure for the jail supervisor to interview persons who had been detained and, based on that interview, to determine whether the individual should be held in jail. The defendant argued that this statement must lead to the inference that she was intoxicated. We agreed, in dicta, with defendant's contention. In *Vines*, however, we decided the issue in favor of the defendant on the basis that the actions of the jailor were introduced to show what the jailor believed at that time. Here, the appellant objects to action, Segovia's statement that he does not want charges dropped, which occurred in court and which could have been explored in cross-examination. Appellant's ability to examine Segovia on the basis of his opinion or desire distinguishes this case from *Vines*, in which the defendant could not have examined the jailor as to the basis of his opinion.

probable cause); *Lufkin v. State,* 164 S.W.2d 709 (Tex.Cr.App.1942) (existence of out-of-court statement made known to explain why police officers were waiting for defendant).

The only valid way of distinguishing the above-cited-cases from the majority's analysis is that in those cases the "backdoor hearsay" was introduced because it was relevant to explain a legitimate issue, for example, the basis for an arrest, the existence of probable cause, the reason for an officer's presence at the scene of an offense, etc. Here, the "backdoor hearsay" was introduced to establish a wholly irrelevant issue: whether Segovia wished the State to continue to prosecute the appellant.[3] This factor, plus the complete irrelevance of Segovia's desire to continue the trial, has caused the majority to stray from the resolution of this case which would be, otherwise, obvious. If Segovia had testified that, "based on my conversation with Officer Seals, I decided to search appellant's vehicle," the majority would have easily, and correctly, reached the conclusion that the testimony was not introduced for the truth of the matter asserted and, therefore, no hearsay problem was present.

Because Segovia's testimony did not convey an "out of court statement," as defined by the Rules of Evidence, and because, even if the testimony conveyed an "out of court statement," the statement was not introduced for the truth of the matter asserted, I dissent.[4]

W.C. DAVIS, J., joins.

---

3. Appellant would appear to have had a valid objection on the basis of relevance, Tex.R.Civ. Evid. 401, and unfair prejudice, Tex.R.Civ.Evid. 403. Because appellant did not object on either of these grounds, he is barred from raising them on appeal. *Zillender v. State,* 557 S.W.2d 515, 517 (Tex.Cr.App.1977).

4. As noted by the State's Prosecuting Attorney in his brief, the federal courts have taken a similar approach in this area. In *United States v. Walker,* 636 F.2d 194 (8th Cir.1980), a law enforcement officer testified that he received a telephone call from a confidential informant. When he began to relate the content of the call, defense counsel objected on hearsay grounds and the trial court sustained the objection. The prosecutor then asked the agent what action he took based on the information he received. Again, the defense objected on the basis of hearsay. On appeal, the Eighth Circuit wrote:

'Hearsay is testimony in court of an out-of-court statement offered to show the truth of the matters asserted in the statement.' *Giblin*

*v. United States,* 523 F.2d 42, 45 (8th Cir. 1975), *cert. denied,* 424 U.S. 971, 96 S.Ct. 1470, 47 L.Ed.2d 739 (1976). Agent Shurn did not testify as to any statement made by the confidential informant. He merely testified as to his own behavior based on information he received from the informant. This type of testimony is not hearsay and is properly admissible.

*Walker,* 636 F.2d at 195.

Likewise, the Ninth Circuit reached a similar conclusion in *United States v. Campbell,* 466 F.2d 529, 531 (9th Cir.), *cert. denied,* 409 U.S. 1062, 93 S.Ct. 571, 34 L.Ed.2d 516 (1972):

Neither was it error for the lower court to overrule appellant's hearsay objection to a government agent's testimony regarding what he did after talking to an informant. This was not hearsay, as the witness did not testify as to what the informant told him, nor was the evidence offered to prove the truth of what the informant said. *Davis v. United States,* 411 F.2d 1126, 1127–28.

*Campbell,* 466 F.2d at 531.