TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00527-CR






Tony Salinas, Appellant




v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 46,330, HONORABLE WILLIAM C. BLACK, JUDGE PRESIDING







 A jury found appellant, Tony Salinas, guilty of aggravated kidnapping and assessed
punishment at imprisonment for nine years. Tex. Penal Code Ann. § 20.04 (West 1994 & Supp. 1997). 
We will affirm.

 Appellant abducted his estranged wife, Maria Salinas, as she left work on the afternoon
of April 9, 1996. Appellant, who was armed with a pistol, seized Maria, forced her into his car, and drove
her to Austin. Maria testified that appellant showed her the gun but did not overtly threaten her with it. She
said that she was in fear for her life and cooperated with appellant in an effort to avoid violence. During
the drive to Austin, appellant told Maria "we were both as good as dead because he knew what trouble
he had gotten into." After spending the night in an Austin motel, appellant drove Maria to Laredo, where
he was arrested in a motel parking lot on the night of April 10.

 Appellant's sister-in-law, Stephanie Leza, testified that appellant visited her on the day of
the abduction. Appellant asked Leza several questions about Maria and told her that he was "really upset"
and "couldn't take the pain of them not being together." Appellant showed Leza a photograph of himself,
Maria, and their children from which he had cut out Maria. He told her, "[T]hat is how they are going to
be--alone without their mother."

 A search for appellant and Maria Salinas began soon after the abduction, which was
witnessed and reported to the police. One of the investigating officers, Temple police officer William
Dorsey, went to the home of appellant's parents, where he spoke to appellant's mother and sister. They
gave Dorsey a Bible in which appellant had written, "Please forgive me Lord God. 4-9-96. [Signed] Tony
Salinas, Jr. I love y'all boys!" The Bible was introduced in evidence as State's exhibit three. In his first
point of error, appellant contends the Bible with its note was not relevant evidence because there was no
showing that the act for which appellant sought forgiveness was the kidnapping of his wife. (1)

 Appellant's trial objection was, "I don't see any relevance of this document. It has not
been identified as property belonging to the defendant; therefore, I don't think it is relevant." Although this
objection did challenge the relevance of the exhibit, the theory on which the contention was based does not
comport with the argument appellant now makes on appeal. See Tex. R. App. P. 33.1(a)(1)(A).

 If preserved for review, appellant's contention is without merit. Evidence is relevant if it
has any tendency to make the existence of a consequential fact more or less probable than it would be
without the evidence. Tex. R. Crim. Evid. 401. The question whether proffered evidence is relevant is
committed to the discretion of the trial court. Montgomery v. State, 810 S.W.2d 372, 390-91 (Tex.
Crim. App. 1991) (opinion on rehearing). The district court could reasonably conclude that the note was
evidence of appellant's culpable mental state at the time he abducted his wife. Finding no abuse of
discretion in the introduction of the exhibit, we overrule point of error one.

 Appellant's second point of error also concerns exhibit three. Dorsey was questioned as follows
regarding his receipt of the Bible:


Q Detective Dorsey, did Tony Salinas's mother initiate some contact with you?


A Yes, sir. 


Q And in connection with that contact, did she give you something that belonged to the
Salinas family that she thought was pertinent to what you were doing?


A Yes, sir. She did.


Q Had you informed her that the reason you were there was that you were trying to find
Maria Salinas and Tony and the car?


A That is what we told; yes, sir.


Q And was it at that point that she delivered something to you spontaneously without you
requesting or even knowing that it existed?


A That is correct.


. . .


Q All right. In the first two pages of that book was there something that they pointed out
to you which they thought was pertinent to this case?


A Yes, sir.


Q All right, sir. And is that a page that appears to have blue handwriting and printing on
it?


A Yes, sir. It is.



Appellant had objected that any statements made by his mother and sister to Dorsey were hearsay. This
objection was overruled. In point of error two, appellant contends the district court erred by admitting the
hearsay statements by his mother and sister to the effect that the note in the Bible was pertinent to the
investigation.

 The prosecutor's questions indirectly conveyed statements made to Dorsey by appellant's
mother and sister. See Schaffer v. State, 777 S.W.2d 111, 113-14 (Tex. Crim. App. 1989) (indirect
hearsay). These statements were not, however, hearsay. Hearsay is an extrajudicial statement offered to
prove the truth of the matter stated. Tex. R. Crim. Evid. 801(d). An extrajudicial statement is not hearsay
if it is offered to show what was said rather than for the truth of the matter stated. Dinkins v. State, 894
S.W.2d 330, 347 (Tex. Crim. App. 1995). The questions at issue showed how the officer came to
discover the note appellant wrote in the Bible. Because the testimony was offered merely to show what
was said, it did not constitute hearsay. Point of error two is overruled.

 The judgment of conviction is affirmed.




 

 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: October 23, 1997

Do Not Publish

1.   It was undisputed that appellant wrote this note.


ence. Tex. R. Crim. Evid. 401. The question whether prof