NUMBER 13-00-087-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


JASON JONES
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 24th District Court


of Jackson County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Valdez and Justices Dorsey and

Rodriguez

Opinion by Justice Dorsey



 A jury convicted appellant of injury to a child and assessed his
punishment at ninety-nine years in prison. We affirm.

 Leah McMahan and her two children Desiree and Dylan lived with
appellant. Dylan was nineteen months old. Leah testified that she took
Dylan out of his playpen and put him on the couch in the living room. 
She returned to the bedroom. Dylan was crying, and appellant went to
check on him while Leah stayed in the bedroom. Dylan continued to cry
so Leah went to check on him. She saw that appellant and Dylan were
in the living room and that Dylan was on the "time-out chair." Leah
went to make some coffee, and when she returned to the living room,
appellant unzipped Dylan's pajamas and showed her Dylan's leg, which
was red and swollen.

 Dr. Rudolf Pena, an orthopedic surgeon, treated Dylan. He said
that Dylan sustained a fracture and displacement of the femur or thigh
bone.

 Vicki Kaelin, a case worker for the Texas Department of Protective
& Regulatory Services (TDPRS), conducted the investigation and took
a case history from Leah. When the State asked her to tell the jury
what Leah said about what had happened defense counsel objected on
the basis of hearsay. The State replied that the testimony was not
being offered for the truth of the matter asserted; rather, it was offered
to show what action the TDPRS took. The trial court overruled the
objection. Kaelin testified as follows:

 [Leah] said that Dylan had woke up that morning about 8:00
or 8:30. She said she picked him up out of his playpen,
which was next to their bed, to her bed, it's a playpen. She
picked him up and she sent him into the living room where
his sister, Desiree, had been sleeping on the couch. She
went into the living room, she pick [sic] him up, put him on
the couch, and gave him some cookies. At that point she
went back into the bedroom to start getting dressed. She
said that she laid down on the bed for a few minutes and
she heard Dylan cry. She said it was like a temper cry, that
someone maybe had made him mad or took something
away from him. And at that point Jason [appellant] went
into the living room. She said that a few minutes went by,
she went into the living room and Dylan was sitting in the
time-out chair, which was right next to the couch, and she
said that he was crying and he was saying "owie," like
grabbing at his leg. And Jason undone his sleeper that he
was sleeping in and his leg was red and swollen. . . .


 In his written statement, which was admitted in evidence,
appellant stated that "I gave him [Dylan] a pop on the leg with my
opened palm hand while he was sitting on the couch. . . . In my mind,
I know that when I popped Dylan, it caused his injury."

 By one point of error appellant argues that the trial court erred by
admitting the hearsay testimony of Leah McMahan through Vicki Kaelin. 
Appellant argues that Leah's statements were inadmissible hearsay
used to bolster the State's case and were elicited for the truth of the
matter asserted.

 Hearsay is a "statement, other than one made by the declarant
while testifying at the trial or hearing, offered in evidence to prove the
truth of the matter asserted." Tex. R. Evid. 801(d). In Schaffer v. State,
777 S.W.2d 111 (Tex. Crim. App. 1989) the court addressed a similar
argument in the context of a police investigation. The court stated that
a police officer should not be permitted to relate historical aspects of the
case, replete with hearsay statements in the form of complaints and
reports on grounds that the officer was entitled to tell the jury the
information upon which he acted. Id. at 114-15. An exception to this
rule occurs when an officer's actions are made an issue before the jury. 
Id. at 115 n.4. When this happens it may be necessary for the officer
to testify not only how he happened upon the scene, but also the
specific information received so that the jury may resolve any issues
regarding an officer's actions. Id.

 In the instant case appellant did not make Kaelin's investigation an
issue before the jury. Therefore the trial court abused its discretion in
admitting Kaelin's hearsay testimony. Nevertheless a review of the
entire record leads us to conclude that the error did not affect a
substantial right of appellant. See Tex. R. App. P. 44.2(b). When
conducting a harm analysis under Rule 44.2(b), "an appellate court need
only determine whether or not the error affected a substantial right of
the defendant. To make this determination appellate courts must
decide whether the error had a substantial or injurious affect on the jury
verdict. The very process of reaching this decision, is the performance
of a Rule 44.2(b) harm analysis." Morales v. State, 32 S.W.3d 862, 867
(Tex. Crim. App. 2000). See Llamas v. State, 12 S.W.3d 469, 471 & n.2
(Tex. Crim. App. 2000).

 The admission of Kaelin's testimony is harmless for three reasons. 
First her testimony is similar to McMahan's testimony regarding the
events surrounding Dylan's injury and does not implicate appellant in
the offense. Second the State did not emphasize the complained-of
testimony in closing argument at the guilt-innocence phase of trial. 
And third appellant confessed to injuring Dylan. Accordingly the
admission of this evidence was not substantial or injurious.

 Appellant's argument that Kaelin's testimony bolstered Leah
McMahan's testimony is not preserved because he did not object on
that basis. Tex. R. App. P. 33.1(a). We overrule the point of error.

 We affirm the judgment.


 ______________________________

 J. BONNER DORSEY,

 Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 29th day of March, 2001.