11th
Court of Appeals

                                                                   Estland,
Texas

                                                                        Opinion

 

Ricardo
Rachell

Appellant

Vs.                   No. 11-03-00192-CR -- Appeal from Harris County

State
of Texas

Appellee

 

Ricardo Rachell appeals his conviction by a jury
of the offense of aggravated sexual assault of a child.  The jury assessed his punishment at 40 years
in the Texas Department of Criminal Justice, Institutional Division.  He contends in two points of error on appeal
that the trial court denied him a fair trial by refusing to admit an audiotape
consisting of an interview of him by a representative of the Houston Police
Department following his arrest and that he was denied fundamental due process
when evidence of a 21-year-old prior conviction was admitted at the
guilt/innocence phase of his trial.  We
affirm.

Rachell contends in point one that the trial court
denied him a fair trial by refusing to admit an audiotape, made shortly after
his arrest, of his interview by a representative of the Houston Police
Department.  On the audiotape, Rachell
apparently denied the commission of the offense and allowed a DNA sample to be
taken.  It is apparent that Rachell has
an enunciation problem.  It is also
difficult to hear and understand either Rachell or the interrogator due to the
technical quality of the recording. 
Rachell offered the audiotape into evidence, not for the truth of the
matter asserted, but to show his speech difficulties as close to the time of
his arrest as possible.  After the State
objected to the audiotape=s
introduction based on it being Abackdoor
hearsay,@ the
trial court sustained the objection.








AHearsay@ is a statement, other than one made by
the declarant while testifying at the trial or hearing, offered into evidence
to prove the truth of the matter asserted. 
TEX.R.EVID. 801(d). The audiotape was not offered into evidence to prove
the matter asserted but to prove the nature of Rachell=s
speech impediment at the time of his arrest in order to show that he was not
exaggerating his speech deformity at trial. 
Consequently, it was not hearsay. 
ABackdoor
hearsay@ is
testimony that contains by necessary inference a hearsay statement even though
the question and answer does not directly contain the statement.  See Schaffer v. State, 777 S.W.2d 111,
113 (Tex.Cr.App.1989). The testimony at issue here is a statement that would be
direct hearsay were it not for the fact that it was offered not for its truth
but to show the nature and extent of Rachell=s
speech impediment at the time of his arrest. 
We hold that the audiotape was not Abackdoor
hearsay.@

TEX.R.EVID. 403 provides:

Although relevant, evidence may be excluded if its
probative value is substantially outweighed by the danger of unfair prejudice,
confusion of the issues, or misleading the jury, or by considerations of undue
delay, or needless presentation of cumulative evidence.

 

It appears from the audiotape that Rachell has a speech
impediment, although it is difficult to hear both participants in the
interview.  

The complainant testified that, when Rachell first
came up and talked to him, Rachell said: ADo
y=all want to make some money off some
trash?@  The complainant then said that he had to
guess a little about what Rachell was saying because he was not Atalking that right.@ 
Lisa Clemons, the arresting police officer, testified that she had some
trouble understanding Rachell at times because he had a speech deformity.  One witness, an 8-year-old boy, testified
that he did not have any trouble understanding the individual who abducted the
complainant and that the individual spoke clearly.  

Rachell testified at trial.  There was nothing to suggest that Rachell=s speech deformity was greater at trial
than it had been at the time of his arrest, nor was any suggestion made that he
was faking it.  We hold that, given these
facts, the trial court could reasonably have determined that the probative
value of the evidence was substantially outweighed by the danger of unfair
prejudice, considerations of undue delay, or needless presentation of cumulative
evidence.  Given these same facts, we
also hold that, even if the trial court abused its discretion by excluding the
audiotape, we must disregard it because the exclusion did not affect a
substantial right of Rachell.  See TEX.R.APP.P.
44.2(b).  We overrule point one.  








Rachell insists in point two that he was denied a
fair trial and fundamental due process when his attorney solicited evidence of
inadmissible prior convictions when his credibility was of paramount
importance.   We interpret this as a
claim that he was denied the effective assistance of counsel.  We apply a two-pronged test to
ineffective-assistance-of-counsel claims. 
Strickland v. Washington, 466 U.S. 668, 687 (1984); Thompson
v. State, 9 S.W.3d 808, 812 (Tex.Cr.App.1999).  First, appellant must show that his counsel=s performance was deficient; second,
appellant must show that the deficient performance prejudiced the defense.  Strickland v. Washington, supra at
687.

In evaluating the effectiveness of counsel under
the first prong, we look to the totality of the representation and the
particular circumstances of each case.  Thompson
v. State, supra at 813.  The issue is
whether counsel=s
assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  Strickland v. Washington, supra at
688-89. A[C]ounsel
is strongly presumed to have rendered adequate assistance and made all
significant decisions in the exercise of reasonable professional judgment.@ 
Strickland v. Washington, supra at 690.  An allegation of ineffective assistance must
be firmly founded in the record, and the record must affirmatively demonstrate
the alleged ineffectiveness.  Thompson
v. State, supra at 814.  Our scrutiny
of counsel=s performance
must be highly deferential, and every effort must be made to eliminate the
distorting effects of hindsight.  Strickland
v. Washington, supra at 689.

The second prong of Strickland requires a
showing that counsel=s
errors were so serious that they deprived the defendant of a fair trial, i.e.,
a trial whose result is reliable.  Strickland
v. Washington, supra at 686-87.  In
other words, an appellant must show there is a reasonable probability that, but
for counsel=s
unprofessional errors, the result of the proceeding would have been
different.  Strickland v. Washington,
supra at 694.  A reasonable
probability is a probability sufficient to undermine confidence in the
outcome.  Strickland v. Washington,
supra.  The ultimate focus of our
inquiry must be on the fundamental fairness of the proceeding whose result is
being challenged.  Strickland v.
Washington, supra at 697.

Under normal circumstances, the record on direct
appeal will not be sufficient to show that counsel=s
representation was so deficient and so lacking in tactical or strategic
decision making as to overcome the presumption that counsel=s conduct was reasonable and
professional.  Rarely will the trial
record contain sufficient information to permit a reviewing court to fairly
evaluate the merits of such a serious allegation.  Bone v. State, 77 S.W.3d 828, 833
(Tex.Cr.App.2002).  Our record does not
show the reasons for trial counsel=s
introduction of Rachell=s
prior conviction. Consequently, the record on direct appeal is not sufficient
to show that counsel=s
representation was so deficient and so lacking in tactical or strategic
decision making as to overcome the presumption that his conduct was reasonable
and professional.  We overrule point two.








The judgment of the trial court is affirmed.  

 

PER CURIAM

 

September 30, 2004 

Do not publish.  See TEX.R.APP.P.
47.2(b).

Panel
consists of:  Wright, J., and

McCall,
J., and Hill, S.J.[1]











[1]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth sitting by assignment.