COURT
OF APPEALS

SECOND DISTRICT
OF TEXAS

FORT WORTH

 

 

NO. 2-07-061-CR

 

 

 

ADRIAN ZACARIAS SEGURA                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                               STATE

 

                                              ------------

 

           FROM THE 396TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

                                              ------------

I.  Introduction

Appellant Adrian Zacarias
Segura appeals his conviction for aggravated sexual assault of a child under
fourteen years of age.  In one point,
Segura argues that the trial court abused its discretion by not allowing him to
elicit testimony concerning an alleged prior inconsistent statement made by the
child victim.  We will affirm.








II.  Factual and Procedural Background

In 2005, Segura was dating
Mariaelena Zepada, who is the mother of two young girlsCM.M. and L.R.  In September
2005, L.R., who was then four years old, told her mother that Segura had
sexually abused M.M., who was at the time six years old.  While M.M. did not tell her mother exactly
what had happened, M.M. spoke to a patrol officer (Officer Womble) and a
caseworker for the Department of Family and Protective Services (DFPS).  The caseworker was designated as the outcry
witness for M.M. under article 38.072 of the code of criminal procedure. 

M.M. told both Officer Womble
and the DFPS caseworker about two different instances of abuse by Segura.  The first incident happened in the bathroom,
when Segura told M.M. to pull down her pants and M.M., who did not need help
going to the bathroom, repeatedly refused. 
After M.M.=s refusals,
Segura pulled down her pants himself. 
M.M. then slapped Segura and ran out of the bathroom.  The second incident happened in the bedroom,
when Segura got on top of M.M. in her bed and began Ahumping@ her.  During this incident, M.M. reported to the
caseworker, Segura had placed his hand Ain between@ her female
genitalia.  








Based on these allegations,
the State charged Segura with intentionally or knowingly causing the
penetration of M.M.=s sexual
organ by inserting his finger.  A jury
found Segura guilty of the charge and sentenced him to twenty years= incarceration.  Segura now
appeals.

III.  Exclusion of Testimony as Hearsay

In his sole point, Segura
complains that the trial court abused its discretion when it refused to permit
testimony that would have shown that M.M. had made inconsistent statements
about the details of the sexual abuse. 

A.     Standard of Review

An appellate court will not
reverse a trial court=s decision
to admit or exclude evidence unless a clear abuse of discretion is shown.  See Green v. State, 934 S.W.2d 92,
101-02 (Tex. Crim. App. 1996).  An abuse
of discretion occurs when the trial court=s ruling falls outside the zone of reasonable disagreement.  Id. at 102.  If the ruling was correct on any theory of
law applicable to the case, the appellate court must uphold the judgment.  Martin v. State, 173 S.W.3d 463, 467
(Tex. Crim. App. 2005).

B.     Law Concerning Hearsay








Hearsay is an out-of-court statement offered to prove the truth of
the matter asserted.  Tex. R. Evid. 801(d).  Hearsay is not admissible except as provided
by statute or by the Texas Rules of Evidence. 
Tex. R. Evid. 802.  The hearsay rule may not be circumvented by
inference.  Schaffer v. State, 777
S.W.2d 111, 113 (Tex. Crim. App. 1989). 
Morever, the hearsay prohibition cannot be circumvented by eliciting the
substance of the statement in indirect form. 
Id.  Testimony as to
information received from other persons or testimony about the results of
investigations made by other persons, even when presented indirectly, is
hearsay.  Id. at 114-15.  Details of the information received by an
officer are considered hearsay and are inadmissibleCunless the officer=s conduct has been
challenged.  Poindexter v. State,
153 S.W.3d 402, 408 n.21 (Tex. Crim. App. 2005).  Hearsay within hearsay is likewise
inadmissible unless each part of the combined statements falls within an
exception to the hearsay rules.  Tex. R. Evid. 805; Rodgers v. State,
111 S.W.3d 236, 243-44 (Tex. App.CTexarkana 2003, no pet.)  But a party may offer evidence of prior
inconsistent statements made by a testifying witness to impeach that witness=s credibility.  Tex. R.
Evid. 613(a).  Such prior
inconsistent statements offered to impeach the witness=s credibility do not
constitute hearsay because they are not offered for the truth of the matter
asserted.  See Flores v. State, 48
S.W.3d 397, 404 (Tex. App.CWaco 2001, pet. ref=d). 

C.     The Present
Facts








In this case, Segura sought at trial to question Officer Weber,
who was the investigating officer, about statements that M.M. had made to both
Officer Womble, who initially took M.M.=s statement, and the DFPS
caseworker.  Officer Womble had created a
police report based on what M.M. had told him about the sexual abuse by
Segura.  Officer Womble did not testify
at trial, and his report was not admitted into evidence.  Officer Weber did, however, review Officer
Womble=s report during the course of
his investigation.  The DFPS caseworker
also questioned M.M.  That interview was
videotaped.  Officer Weber reviewed this
videotape during the course of his investigation as well; while the caseworker
did testify at trial, the tape was not admitted into evidence. 

According to
Segura, M.M.=s description of the sexual assaults
differed in her statements to Officer Womble and to the DFPS caseworker.  Segura attempted to elicit testimony
concerning these differences from Officer Weber; however, the trial court
sustained the State=s hearsay objection.  Following the trial court=s ruling, Segura made the following
bill of exception:

 

Q.     It=s Officer Weber?  One of the differences [between the statement
M.M. gave to Officer Womble and the DFPS caseworker] is that according to
Officer Womble, [M.M.] said that [Segura] pulled down her pants so she could
urinate and she became afraid and urinated on herself.  Now, neither of those claims was made during
the interview with [the caseworker], isn=t that correct?

 

A.     Yes, sir.

 

Q.     And in addition, according to the statement
made to Officer Womble, the victim claimed that he got on top of her belly to
belly and began to move up and down.  And
according to the interview with [the caseworker], the stimulation was purely
digital, isn=t that correct?  It does say he was on top of her but not that
he was moving up and down, simply used digital stimulation?

 








A.     I don=t recall the interview.

 

Q.     And in addition, Officer Womble said the
victim claimed that the suspect used his hands and rubbed her on the side, the
chest and around the breast area.  And
she made no such claims during the interview with [the caseworker], isn=t that correct?

 

A.     I don=t recall whether those claims were
made or not in the interview.  I=m sure [the caseworker] could
clarify.

 

[Defense
counsel]:        That concludes my bill of
exception, Your Honor.

 

THE COURT:       All right.  And all the testimony of Womble was based on
the report you have in front of you?

 

[Officer
Weber]:   Yes, sir.

 

THE COURT:       All right.  I sustain the objection, it=s hearsay.

 

D.     Analysis

As the above exchange indicates, Segura sought to elicit testimony
from Officer Weber concerning the contents of a report made by Officer Womble
reflecting M.M.=s statements to Officer
Womble.  Thus, Segura attempted to admit
hearsay (Officer Weber=s testimony) based on hearsay
(Officer Womble=s report) based on hearsay
(M.M.=s statements).  See Rodgers, 111 S.W.3d at 244.  For Officer Weber=s hearsay testimony to be
admissible, Segura had to justify it on all three levels.  See Tex.
R. Evid. 805; Hughes v. State, 4 S.W.3d 1, 6 (Tex. Crim. App.
1999); Robison v. State, 35 S.W.3d 257, 261 (Tex. App.CTexarkana 2000, pet. ref=d).








M.M.=s statements to Officer
Womble may have been admissible under the prior inconsistent statement rule,
which would have passed the first level of hearsay.  See Tex.
R. Evid. 613(a), 801(e)(1)(A). 
But that still leaves the second two levels of hearsay, and Segura
offers no explanation of how the contents of Officer Womble=s report or Officer Weber=s testimony based on it fall
within any hearsay exception, nor can we discern any possible exception.  See Rodgers, 111 S.W.3d at 244
(holding that testimony by the investigating officer about a medical record
created by a nurse interviewing the victim was inadmissible hearsay); Schaffer,
777 S.W.2d at 113 (recognizing testimony by an officer of historical aspects of
a case based on hearsay statements in reports is inadmissible).  Because the statements that Segura sought to
elicit from Officer Weber were hearsay, the trial court did not abuse its
discretion in excluding them at trial.  See
Green, 934 S.W.2d at 101-02. 
Accordingly, we overrule Segura=s sole point.

IV.  Conclusion

Having overruled Segura=s sole point, we affirm the
trial court=s judgment.

                                                    

PER CURIAM

 

PANEL F:    WALKER,
LIVINGSTON, and DAUPHINOT, JJ.

 

DO NOT PUBLISH

Tex. R. App.
P. 47.2(b)

 

DELIVERED:  February 21, 2008











[1]See Tex. R. App. P. 47.4.