

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00635-CR

Patrick Anthony **CASTANO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2020-CR-1454
Honorable Michael E. Mery, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed: April 10, 2024

AFFIRMED

Appellant Patrick Anthony Castano appeals his conviction for indecency with a child by sexual contact, challenging the admission of testimony by the State's forensic interviewer as "backdoor" hearsay. Specifically, the interviewer testified that he had no obvious concerns about the victim's consistency when he interviewed her. Castano argues that the interviewer's testimony and the State's line of questioning lead to an inescapable conclusion that the State was attempting to imply the contents of the victim's out-of-court statements. We affirm.

## BACKGROUND

The victim in this case, L.O., reported to her mother that their family friend, Castano, touched her vagina underneath her underwear when she fell asleep on his couch one night. L.O. was ten years old at the time of the incident, and she was friends with Castano's son. The incident occurred after a day of the two families spending time together. When L.O.'s mother was ready to leave and discovered that L.O. had fallen asleep on the couch, she decided to allow L.O. to continue sleeping. It was not L.O.'s first time sleeping at their friends' house, and her mother was not concerned.

During the night, Castano touched L.O.'s vagina under her underwear three different times. The touching woke L.O., but she did not know what to do. After the third time, she went to her friend's room to text her mother to come pick her up, but she did not say why. Because sleepovers between the two families were normal, L.O.'s mother decided not to pick up L.O. early.

Two weeks later, L.O. told her mother about Castano touching her. The mother told Castano's wife about L.O.'s outcry, and she also told Castano. Castano denied touching L.O.'s vagina. Nevertheless, L.O.'s mother took her to the children's hospital for an exam, and she took her to ChildSafe, a child abuse prevention and treatment center, for a forensic interview.

At trial, L.O. and her mother testified, as did the sexual assault nurse examiner who examined L.O. and the forensic interviewer who interviewed her. Castano's wife and father testified on Castano's behalf. The jury then deliberated and convicted Castano of indecency with a child by sexual contact.

Castano now appeals, challenging the testimony of the forensic interviewer as "backdoor" hearsay.

## STANDARD OF REVIEW

We review a trial court's decision to admit evidence for an abuse of discretion, and we view the evidence in the light most favorable to the trial court's ruling. *Klein v. State*, 273 S.W.3d 297, 304–05 (Tex. Crim. App. 2008) (citing *Hammons v. State*, 239 S.W.3d 798, 806 (Tex. Crim. App. 2007)).

## "BACKDOOR" HEARSAY

**A.      Parties' Arguments**

Castano argues that the trial court erred in allowing the forensic interviewer to testify that he had no major concerns about the victim's consistency when he interviewed her. He argues that this "backdoor" hearsay implicitly admits the victim's prior consistent statements and that the error should result in a new trial. The State responds that the record fails to support Castano's argument, and that, if it did, the error would not warrant reversal. The State also points out that to the extent Castano complains that "backdoor" hearsay resulted in "bolstering," his argument was not preserved for this appeal.

**B.      Law**

*1. "Backdoor" Hearsay*

"Backdoor" hearsay has been described as indirect hearsay. *Schaffer v. State*, 777 S.W.2d 111, 114 (Tex. Crim. App. 1989). It is testimony that implies the contents of an out-of-court statement. *See Head v. State*, 4 S.W.3d 258, 261 (Tex. Crim. App. 1999). "Whether the testimony violates the hearsay prohibition turns on how strongly the contents of the out-of-court statement can be inferred from the context." *Gauna v. State*, No. 03-04-00721-CR, 2006 WL 3841235, at *9 (Tex. App.—Austin Dec. 29, 2006, no pet.) (mem. op., not designated for publication) (citing *Head*, 4 S.W.3d at 261). "Thus, evidence [purported to be] 'information received' by the witness, or testimony of the results of investigations made by other persons, offered as proof of the facts

asserted out of court, are properly classed as hearsay." *Schaffer*, 777 S.W.2d at 113 (quoting *McCormick on Evidence*, Section 249, p. 735 (Cleary Rev., 3rd Ed. 1984)). In short, "where there is an inescapable conclusion that a piece of evidence is being offered to prove statements made outside the courtroom, a party may not circumvent the hearsay prohibition through artful questioning designed to elicit hearsay indirectly." *Id*. at 114.

Deciding whether testimony is "backdoor" hearsay should depend on whether the disputed testimony is being offered to prove an out-of-court statement. *Head*, 4 S.W.3d at 262. "Oftentimes…the record will not reveal the purpose for which the testimony is being offered." *Id*. But "in the parlance of *Schaffer*, the question is whether the strength of the inference produces an 'inescapable conclusion' that the evidence is being offered to prove the substance of an out-of-court statement." *Id*. (citing *Schaffer*, 777 S.W.2d at 114).

## C.    Analysis

In considering whether Mata's testimony implied the contents of an out-of-court statement, we cannot conclude that it did or that it was meant to. *Head*, 4 S.W.3d at 263 (allowing testimony that various statements were "consistent" was not an abuse of discretion).

The State's brief examination of its forensic interviewer, Erik Mata, included a description of the interviewer's qualifications, an overview of the forensic interview process, and a general recounting of the victim's forensic interview. Mata testified that consistency in a child's statement is important and that the ability to relate sensory details helps to increase the validity of any child's outcry.

The State then sought to elicit testimony from Mata that L.O. provided sensory detail, but Castano objected to hearsay, and the trial court sustained the objection.

The State asked, "At the end of that interview process—I know you said you looked for consistency, did you have any concerns?" Castano objected, stating, "Judge, objection again.

That's just backdoor hearsay." But the trial court overruled this objection. Mata responded, "No, not—no obvious concerns."

First, we disagree with Castano that Mata's testimony implied that L.O.'s statements in her testimony matched her statements in her forensic interview. The State's temporal designation in its question—"at the end of that interview process"—belies the allegation.

Next, we disagree that the State's question about L.O.'s consistency was a tactical rephrasing of its question about L.O.'s ability to recall sensory details. The State already established with Mata that both sensory details and consistency were important. These were independent ideas that the State revisited separately—one was allowed by the trial court, and one was not.

Lastly, to the degree that Castano parlays his "backdoor" hearsay argument into an improper bolstering argument, we agree with the State that it was not preserved for review. *See* TEX. R. APP. P. 33.1; *Lubojasky v. State*, No. 03-10-00780-CR, 2012 WL 5192919, at *14 (Tex. App.—Austin Oct. 19, 2012, pet. ref'd) (mem. op., not designated for publication) (citing *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011)).

Having concluded that the State did not seek to admit "backdoor" hearsay, we overrule Castano's sole point on appeal.

### CONCLUSION

Forensic Interviewer Mata's testimony that he had no obvious concerns about L.O.'s consistency during her interview did not amount to "backdoor" hearsay because it did not imply the content of an out-of-court statement by L.O. We affirm the trial court's judgment.

Patricia O. Alvarez, Justice

Do Not Publish