COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-227-CR
  
  
JEFFREY LYNN WILSON                                                         APPELLANT
  
V.
 
THE STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM THE 371ST DISTRICT COURT 
OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        Jeffrey 
Lynn Wilson, following a conviction by a jury for aggravated robbery with a 
deadly weapon, complains in two points that (1) the trial court allowed 
“backdoor” hearsay of such a nature that was harmful to Wilson and (2) the 
trial court improperly instructed the jury on the definition of “beyond a 
reasonable doubt.”
II. Background
        The 
manager of Fazoli’s restaurant, located in the 4600 block of Little Road in 
Arlington Texas, was robbed around 10 p.m. on January 9, 2002 as the restaurant 
was closing.  According to witnesses, the robbers were a white man and a 
black man wearing masks and carrying pistols.  After the restaurant 
employees were told to lie face down on the floor, the manager was told to get 
up and open the safe that contained four to five hundred dollars.  After 
the white man said “[p]luck them all,” the store manager, Johnny Landin, 
recovered a deposit that was ready to go the bank and gave more than three 
thousand dollars to the white man, who also took a wristwatch out of the 
safe.  The robbers then left, and Landin hit the panic alarm.
        Subsequently, 
Detective John T. Stanton of the Arlington Police Department, received 
information that caused him to prepare a photo spread which included 
Wilson.  He showed it to Fazoli’s employee, Jesse Wise, who identified 
Wilson as a black man who was in Fazoli’s bathroom prior to the robbery. Wise 
stated that Wilson was not wearing a mask prior to the robbery.  Confronted 
by this information, Wilson confessed to being involved in the offense, but 
claimed that he served only as a lookout.
        Wilson 
was indicted for aggravated robbery with a deadly weapon; the indictment 
contained a habitual offender’s notice to which notice Wilson subsequently 
pled true.  Wilson entered a plea of not guilty, and a jury found Wilson 
guilty of aggravated robbery with a deadly weapon.  The court assessed 
punishment at thirty-five years’ confinement.
III. Backdoor Hearsay
        In 
his first point, Wilson asserts that the trial court, over proper objection, 
allowed Detective Stanton to recount to the jury that Wilson’s statement 
concerning his role as a mere lookout did not match any other statements from 
any other witnesses.  Wilson contends the objected to testimony amounted to 
harmful, erroneous “backdoor” hearsay as to those other statements.
        During 
the guilt/innocence stage of the trial, Detective Stanton testified concerning a 
statement given by Wilson, part of which indicated that he was only a lookout 
during the robbery.  Detective Stanton was asked if any of the other 
witnesses in the case gave him a version of the events along those lines.  
Following a hearsay objection, the prosecutor was instructed to rephrase the 
question.  The prosecutor then asked: “Have you heard this version of 
[Wilson’s] just being the lookout from anyone other than [Wilson]?”  
Following another hearsay objection, the court overruled the objection and 
Detective Stanton testified that, “[t]hat was the first version I’d heard 
quite like that.”  Because there were six total employees in the 
restaurant at the time of the robbery, not all of whom testified at trial, 
Wilson asserts that this allowed the detective to testify what other individuals 
told him about the role Wilson played in the robbery, and was therefore hearsay.
        Turning 
to the Texas Rules of Evidence, hearsay for the purpose of this case is defined 
as an “oral or written verbal expression,” other than one made by Detective 
Stanton while testifying, offered into evidence to prove the truth of the 
assertion that Wilson was not a mere lookout during the robbery. Tex. R. Evid. 801(a), (d).  Such 
statements are, of course, inadmissible absent an exception to the hearsay 
rule.  Tex. R. Evid. 
802.  Sometimes when hearsay is not allowed entry in the front door of the 
courtroom, a rear door entry is attempted.  “Backdoor” hearsay is 
testimony which infers or indirectly details to the jury what someone else said 
without repeating the words directly.  For example, in Schaffer v. State, 
Schaffer claimed to have been acting as a police informer for an officer named 
Jimmy Seals.  777 S.W.2d 111, 113-14 (Tex. Crim. App. 1989).  A 
narcotics officer had spoken to Jimmy Seals about Schaffer’s testimony and, 
upon questioning, indicated that he would not ask the State to drop the charges 
against Schaffer based on his conversation with Seals.  Id.  In 
response to a hearsay objection, the State argued that no statement made by 
Seals had been received into evidence and therefore, there was no hearsay 
problem.  The Court of Criminal Appeals disagreed, concluding that the 
State was, in essence, attempting to do “indirectly what it could not do 
directly.”  Id. at 113-14.  The court stated:
   
[W]here 
there is an inescapable conclusion that a piece of evidence is being offered to 
prove statements made outside the courtroom, a party may not circumvent the 
hearsay prohibition through artful questioning designed to elicit hearsay 
indirectly.  In short, ‘statement’ as defined in [Rule 801(a)] 
necessarily includes proof of the statement whether the proof is direct or 
indirect.
 
 
Id. 
at 114.  The court then went on to find that the sole intent of the 
narcotics investigator’s testimony was to convey to the jury what Seals had 
told him, that is, Schaffer was not an informant, and the investigator’s 
answer was hearsay although he did not directly quote Seals’ out-of-court 
statement.  Id.
        Here, 
the State attempts to argue that the testimony concerning Detective Stanton’s 
conversations with other witnesses did not lead to an inescapable conclusion 
about the substance of those statements. That dog won’t hunt.[2]  
The testimony of Detective Stanton is clearly synonymous with testimony that 
statements of the other witnesses to the robbery were that Wilson was not a mere 
lookout, but was in fact a participant, as in fact those other witnesses who 
were called to testify, did so testify.  We hold that the statement was 
indirect hearsay and was erroneously admitted into evidence.
IV. Harm Analysis
        Having 
found error, we must conduct a harm analysis to determine whether the error 
calls for reversal of the judgment.  Tex. 
R. App. P. 44.2.  If the error is constitutional, we apply Rule 
44.2(a) and reverse unless we determine beyond a reasonable doubt that the error 
did not contribute to appellant’s conviction or punishment. Tex. R. App. P. 44.2(a).  
Otherwise, we apply Rule 44.2(b) and disregard the error if it does not affect 
the appellant’s substantial rights. Tex. R. App. P. 44.2(b); see Mosley 
v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), cert. 
denied, 526 U.S. 1070 (1999); Coggeshall v. State, 961 S.W.2d 639, 
642-43 (Tex. App.—Fort Worth 1998, pet. ref’d).
        The 
admission of inadmissible hearsay is considered non-constitutional error,[3] and not reversible unless it affected appellant’s 
substantial rights.  Armstead v. State, 977 S.W.2d 791, 798 (Tex. 
App.—Fort Worth 1998, pet. ref’d).  A substantial right is affected 
when the error had a substantial and injurious effect or influence in 
determining the jury’s verdict.  King v. State, 953 S.W.2d 266, 
271 (Tex. Crim. App. 1997) (citing Kotteakos v. United States, 328 U.S. 
750, 776, 66 S. Ct. 1239, 1253 (1946)); Coggeshall, 961 S.W.2d at 
643.  In making this determination, we review the record as a whole.  See 
Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).
        We 
consider other evidence in the case concerning Wilson’s role in the 
robbery.  Evidence of Wilson’s guilt is a factor to be considered in our 
harm analysis.  See Motilla v. State, 78 S.W.3d 352, 357 (Tex. Crim. 
App. 2002).  The record established that there were only two individuals 
involved in the robbery, a black man and a white man.  Wilson admitted that 
he was the black man involved but claimed he was only a lookout.  However, 
employee Cory Pope testified that he witnessed a black man pointing a gun at the 
back of an employee, James Holloway, and at one point he kicked Pope on the foot 
and spoke to him.  Wise saw a black man and a white man in the restroom 
about closing time and testified that both of these men robbed the manager of 
the restaurant and that the black man ordered the manager to lie face down on 
the floor.  Holloway testified that a black man held a gun to his back and 
told him to get down on the floor and believed he heard the white man tell the 
black man to kill the witnesses.  Further, Landin told the jury that a 
black man and a white man came toward him waiving guns, and the black man told 
Landin and the other employees to lie face down on the floor and later took 
Landin to the office.
        Considering 
the foregoing, we cannot say that the erroneously admitted hearsay had a 
substantial and injurious effect or influence in determining the jury’s 
verdict and or that it affected Wilson’s substantial rights.  See King, 
953 S.W.2d at 271.  Thus, we disregard the error.  See Tex. R. App. P. 44.2(b).  
Therefore, Wilson’s first point is overruled.
        Wilson 
also complains that Detective Stanton was asked if he developed Wilson as a 
suspect in the robbery after having spoken to Clifford Aurich and Megan Henson, 
to which question he answered “[y]es, I did.”  However, this question 
and response were not objected to and as such, any complaint on appeal is 
forfeited.  See Tex. R. App. 
P. 33.1(a).
V. Definition of “Beyond a Reasonable Doubt”
        Wilson 
objects that the following sentence was included in the jury charge:  “It 
is not required that the prosecution prove guilt beyond all possible reasonable 
doubt; it is required that the prosecution’s proof excludes all doubt 
concerning the Defendant’s guilt.”  Wilson did not object to this 
portion of the charge.
        This 
court has been down this road before and ruled that the instruction in question 
is not improper.  See Best v. State, 118 S.W.3d 857, 865 (Tex. 
App.—Fort Worth 2003, no pet.); Vosberg v. State, 80 S.W.3d 320, 323-34 
(Tex. App.—Fort Worth 2002, pet. ref’d).  Wilson suggests that our 
previous analysis was error and asks us to revisit our path.  We 
respectfully decline to do so and note that the Texas Court of Criminal Appeals 
respectfully held that the inclusion of this language does not amount to an 
abuse of discretion by the trial court.  See Woods v. State, 
152 S.W.3d 105, 108 (Tex. Crim. App. 2004).  Wilson’s second point is 
overruled.
VI. Conclusion
        Having 
overruled Wilson’s two points, we affirm the judgment of the trial court.
  
    
                                                          BOB 
MCCOY
                                                          JUSTICE
  
 
PANEL A:   CAYCE, 
C.J.; DAUPHINOT and MCCOY, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: June 2, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Estate of Hudgins v.C.I.R., 57 F.3d 1393, 1403 (5th Cir. 1995).
3.  
Although the erroneous admission of hearsay evidence can implicate the 
confrontation clause of the Sixth Amendment, see Simpson v. State, 119 
S.W.3d 262, 269 (Tex. Crim. App. 2003), cert. denied, 124 S. Ct. 2837 
(2004), Wilson did not object on confrontation clause grounds at trial.  
Therefore, we will analyze harm using Rule 44.2(b).  Tex. R. App. P. 44.2(b).