COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-061-CR

ADRIAN ZACARIAS SEGURA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

I.  Introduction

Appellant Adrian Zacarias Segura appeals his conviction for aggravated sexual assault of a child under fourteen years of age.  In one point, Segura argues that the trial court abused its discretion by not allowing him to elicit testimony concerning an alleged prior inconsistent statement made by the child victim.  We will affirm.

II.  Factual and Procedural Background

In 2005, Segura was dating Mariaelena Zepada, who is the mother of two young girls—M.M. and L.R.  In September 2005, L.R., who was then four years old, told her mother that Segura had sexually abused M.M., who was at the time six years old.  While M.M. did not tell her mother exactly what had happened, M.M. spoke to a patrol officer (Officer Womble) and a caseworker for the Department of Family and Protective Services (DFPS).  The caseworker was designated as the outcry witness for M.M. under article 38.072 of the code of criminal procedure. 

M.M. told both Officer Womble and the DFPS caseworker about two different instances of abuse by Segura.  The first incident happened in the bathroom, when Segura told M.M. to pull down her pants and M.M., who did not need help going to the bathroom, repeatedly refused.  After M.M.’s refusals, Segura pulled down her pants himself.  M.M. then slapped Segura and ran out of the bathroom.  The second incident happened in the bedroom, when Segura got on top of M.M. in her bed and began “humping” her.  During this incident, M.M. reported to the caseworker, Segura had placed his hand “in between” her female genitalia.  

Based on these allegations, the State charged Segura with intentionally or knowingly causing the penetration of M.M.’s sexual organ by inserting his finger.  A jury found Segura guilty of the charge and sentenced him to twenty years’ incarceration.  Segura now appeals.

III.  Exclusion of Testimony as Hearsay

In his sole point, Segura complains that the trial court abused its discretion when it refused to permit testimony that would have shown that M.M. had made inconsistent statements about the details of the sexual abuse. 

A. Standard of Review

An appellate court will not reverse a trial court’s decision to admit or exclude evidence unless a clear abuse of discretion is shown.  
See Green v. State
, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996).  An abuse of discretion occurs when the trial court’s ruling falls outside the zone of reasonable disagreement.  
Id.
 at 102.  If the ruling was correct on any theory of law applicable to the case, the appellate court must uphold the judgment.  
Martin v. State
, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005).

B. Law Concerning Hearsay

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted.  
Tex. R. Evid.
 801(d).  Hearsay is not admissible except as provided by statute or by the Texas Rules of Evidence. 
 
Tex. R. Evid.
 802.  The hearsay rule may not be circumvented by inference.  
Schaffer v. State
, 777 S.W.2d 111, 113 (Tex. Crim. App. 1989).  Morever, the hearsay prohibition cannot be circumvented by eliciting the substance of the statement in indirect form.  
Id.
  Testimony as to information received from other persons or testimony about the results of investigations made by other persons, even when presented indirectly, is hearsay.  
Id.
 at 114-15.  Details of the information received by an officer are considered hearsay and are inadmissible—unless the officer’s conduct has been challenged.  
Poindexter v. State
, 153 S.W.3d 402, 408 n.21 (Tex. Crim. App. 2005).  Hearsay within hearsay is likewise inadmissible unless each part of the combined statements falls within an exception to the hearsay rules.  
Tex. R. Evid.
 805; 
Rodgers v. State
, 111 S.W.3d 236, 243-44 (Tex. App.—Texarkana 2003, no pet.)  But a party may offer evidence of prior inconsistent statements made by a testifying witness to impeach that witness’s credibility. 
 Tex. R. Evid.
 613(a).  Such prior inconsistent statements offered to impeach the witness’s credibility do not constitute hearsay because they are not offered for the truth of the matter asserted.  
See Flores v. State
, 48 S.W.3d 397, 404 (Tex. App.—Waco 2001, pet. ref’d). 

C. The Present Facts

In this case, Segura sought at trial to question Officer Weber, who was the investigating officer, about statements that M.M. had made to both Officer Womble, who initially took M.M.’s statement, and the DFPS caseworker.  Officer Womble had created a police report based on what M.M. had told him about the sexual abuse by Segura.  Officer Womble did not testify at trial, and his report was not admitted into evidence.  Officer Weber did, however, review Officer Womble’s report during the course of his investigation.  The DFPS caseworker also questioned M.M.  That interview was videotaped.  Officer Weber reviewed this videotape during the course of his investigation as well; while the caseworker did testify at trial, the tape was not admitted into evidence. 

According to Segura, M.M.’s description of the sexual assaults differed in her statements to Officer Womble and to the DFPS caseworker.  Segura attempted to elicit testimony concerning these differences from Officer Weber; however, the trial court sustained the State’s hearsay objection.  Following the trial court’s ruling, Segura made the following bill of exception:

Q. It’s Officer Weber?  One of the differences [between the statement M.M. gave to Officer Womble and the DFPS caseworker] is that according to Officer Womble, [M.M.] said that [Segura] pulled down her pants so she could urinate and she became afraid and urinated on herself.  Now, neither of those claims was made during the interview with [the caseworker], isn’t that correct?

A. Yes, sir.

Q. And in addition, according to the statement made to Officer Womble, the victim claimed that he got on top of her belly to belly and began to move up and down.  And according to the interview with [the caseworker], the stimulation was purely digital, isn’t that correct?  It does say he was on top of her but not that he was moving up and down, simply used digital stimulation?

A. I don’t recall the interview.

Q. And in addition, Officer Womble said the victim claimed that the suspect used his hands and rubbed her on the side, the chest and around the breast area.  And she made no such claims during the interview with [the caseworker], isn’t that correct?

A. I don’t recall whether those claims were made or not in the interview.  I’m sure [the caseworker] could clarify.

[Defense counsel]: That concludes my bill of exception, Your Honor.

THE COURT: All right.  And all the testimony of Womble was based on the report you have in front of you?

[Officer Weber]: Yes, sir.

THE COURT: All right.  I sustain the objection, it’s hearsay.

D. Analysis

As the above exchange indicates, Segura sought to elicit testimony from Officer Weber concerning the contents of a report made by Officer Womble reflecting M.M.’s statements to Officer Womble.  Thus, Segura attempted to admit hearsay (Officer Weber’s testimony) based on hearsay (Officer Womble’s report) based on hearsay (M.M.’s statements).  
See Rodgers
, 111 S.W.3d at 244.  
For Officer Weber’s hearsay testimony to be admissible, Segura had to justify it on all three levels.  
See
 
Tex. R. Evid.
 805; 
Hughes v. State
, 4 S.W.3d 1, 6 (Tex. Crim. App. 1999); 
Robison v. State
, 35 S.W.3d 257, 261 (Tex. App.—Texarkana 2000, pet. ref’d).

M.M.’s statements to Officer Womble may have been admissible under the prior inconsistent statement rule,
 which would have passed the first level of hearsay.
  
See 
Tex. R. Evid.
 613(a), 801(e)(1)(A).  But that still leaves the second two levels of hearsay, and Segura offers no explanation of how the contents of Officer Womble’s report
 or Officer Weber’s testimony based on it fall within any hearsay exception, nor can we discern any possible exception. 
 
See Rodgers
, 111 S.W.3d at 244 (holding that testimony by the investigating officer about a medical record created by a nurse interviewing the victim was inadmissible hearsay); 
Schaffer
, 777 S.W.2d at 113 (recognizing testimony by an officer of historical aspects of a case based on hearsay statements in reports is inadmissible).  
Because the statements that Segura sought to elicit from Officer Weber were hearsay, the trial court did not abuse its discretion in excluding them at trial.  
See Green
, 934 S.W.2d at 101-02.  Accordingly, we overrule Segura’s sole point.

IV.  Conclusion

Having overruled Segura’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 21, 2008

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.