

IN THE
TENTH COURT OF APPEALS

No. 10-13-00043-CR

CHRISTOPHER D. STUART,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

From the 278th District Court
Walker County, Texas
Trial Court No. 26,131

MEMORANDUM OPINION

Christopher Stuart appeals from a conviction for burglary of a building. TEX. PEN. CODE ANN. § 30.02 (West 2011). Stuart complains that the trial court abused its discretion by allowing testimony that constituted hearsay and violated the Confrontation Clause, and by denying his motion for mistrial. Because we find no reversible error, we affirm the judgment of the trial court.

*Hearsay*

Stuart complains that the trial court abused its discretion by allowing hearsay

testimony given by a law enforcement officer regarding a conversation he had with a man who approached the officer's vehicle while he was patrolling the area searching for a person of interest in the burglary. During the testimony of the officer, the following exchange took place:

STATE: Okay. What action did you take once you isolated [Stuart] as the potential suspect?

WITNESS: That night I was patrolling the area, the neighborhood that the burglary happened in, I was initially flagged down by a gentleman in the yard. He approached my car and asked me if we had found anyone.

STUART: Objection, Your Honor. The answer is hearsay.

THE COURT: Overruled.

STATE: That means you can answer?

WITNESS: The gentleman approached me and asked if we had found anyone that we were looking for. Because obviously there was a lot of people in the area looking for the subject.

STUART: Objection, Your Honor. His testimony is testimony that is not subject to cross-examination or the confrontation clause.

THE COURT: Overruled.

STATE: Go ahead.

WITNESS: We were driving the area. The gentleman came out to my car and asked if we had found anything.

STUART: I would like to make a running objection. Any testimony given by the deputy given regarding testimony given by the defendant [sic].

THE COURT:  All right.

STATE:      You can go ahead.

WITNESS:    The gentleman came out to my car.  I told him we were looking.  We had a surveillance video.  Actually we had still photos of a person of interest that we thought maybe [sic] in the area of the neighborhood.  He asked could he see the pictures.  He immediately said –

THE COURT:  All right.  Hold it right there.  I sustain the objection.

STATE:      Okay.  All right.  At some point was Christopher Stuart, did he come on your radar?

WITNESS:    He did.

STUART:     I ask you ask the jury [sic] disregard the testimony by Sergeant Sullivan.

THE COURT:  Overruled.

STATE:      Okay.  Once you identified him as a potential person of interest what did you do?

WITNESS:    I went to the residence that was described to me where the subject was identified as Chris Stuart.  I talked to Chris on Lake Road.  I talked to his father.

Stuart contends that the above exchange allowed the State to improperly elicit "backdoor hearsay" evidence.  That is, he contends that the State was improperly permitted to get before the jury indirectly the substance of out-of-court statements of witnesses to prove the truth of that evidence.

Hearsay is a statement, other than one made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted.  TEX. R.

EVID. 801(d). Hearsay is generally inadmissible except as provided by the rules of evidence or statute. TEX. R. EVID. 802. The hearsay rule may not be circumvented by inference. *Schaffer v. State*, 777 S.W.2d 111, 113 (Tex. Crim. App. 1989). Moreover, the hearsay prohibition cannot be circumvented by eliciting the substance of the statement in indirect form. *Id*. Testimony as to information received from other persons, even when presented indirectly, is hearsay. *Id*.

Whether testimony violates the hearsay prohibition necessarily turns on how strongly the content of an out-of-court statement can be inferred from the context; the question is whether the strength of the inference produces an "inescapable conclusion" that the evidence is being offered to prove the substance of an out-of-court statement. *Head v. State*, 4 S.W.3d 258, 261-62 (Tex. Crim. App. 1999). "[W]here there is an inescapable conclusion that a piece of evidence is being offered to prove the truth of the statements made outside the courtroom, a party may not circumvent the hearsay prohibition through artful questioning designed to elicit hearsay indirectly." *Id*. at 264 (*quoting Schaffer*, 777 S.W.2d at 114).

"The phrase 'inescapable conclusion' is not a talisman. Rather, it provides a useful shorthand for quantifying the strength of the inference necessary to impute an improper purpose to the evidence." *Id*. at 263 n.3. An analysis of whether the impermissible inference is so overriding as to fall within the hearsay prohibition will necessarily turn on the specific factual circumstances of a given case. *Id*. at 262 n.4.

A police officer's testimony is not hearsay when it is offered for the purpose of explaining how a defendant became a suspect rather than for the truth of the matter asserted. *Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995). In addition, an officer's testimony is not hearsay when it is admitted, not for the truth, but to establish the course of events and circumstances leading to a defendant's arrest. *Thornton v. State*, 994 S.W.2d 845, 854 (Tex. App.—Fort Worth 1999, pet. ref'd).

Testimony by an officer that he went to a certain place or performed a certain act in response to generalized "information received" is normally not considered hearsay because he should be allowed to give some explanation for his behavior. But the officer "should not be permitted to relate historical aspects of the case, replete with hearsay statements in the form of complaints and reports on grounds that [he] was entitled to tell the jury the information on which [he] acted." *Schaffer*, 777 S.W.2d at 114. "[D]etails of the information received are considered hearsay and are inadmissible—unless the officer's conduct has been challenged . . . ." *Poindexter v. State*, 153 S.W.3d 402, 408 n.21 (Tex. Crim. App. 2005).

The testimony given by the officer regarding the man who approached him asking him questions was not hearsay. This is because the challenged testimony amounts to an explanation from the officer regarding the origin of his investigation and how appellant became a suspect in this case, and the question prompting this response was not designed to elicit hearsay testimony. *See Guidry v. State*, 9 S.W.3d 133, 152 (Tex.

Crim. App. 1999) (out-of-court statement not offered to prove the truth of the matter asserted, and offered for some other reason, is not hearsay) (*citing Dinkins*, 894 S.W.2d at 347); *Lee v. State*, 29 S.W.3d 570, 577-78 (Tex. App.—Dallas 2000, no pet.) (officer testified investigation of appellant resulted from interview with victim). The trial court did not allow the officer to testify to what the man told the officer that led the officer to believe that Stuart was a suspect, and the subsequent questioning did not rise to an "inescapable conclusion" that the testimony was being offered to prove the truth of the statements made outside the courtroom. *See Head*, 4 S.W.3d at 261-62. The trial court did not abuse its discretion by overruling Stuart's objection to hearsay. We overrule issue one.

### *Confrontation Clause*

In his second issue, Stuart complains that his right to confrontation was violated by the officer's testimony complained about in his first issue. The Confrontation Clause of the Sixth Amendment to the United States Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]" U.S. CONST. amend. VI. This protection prohibits the admission of testimonial statements unless the declarant is unavailable to testify and the accused had a prior opportunity to cross-examine the declarant. *Crawford v. Washington*, 541 U.S. 36, 59, 68, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004); Langham v. State, 305 S.W.3d 568, 575-76 (Tex. Crim. App. 2010). The Court of Criminal Appeals has explained:

[T]he Supreme Court has observed that an out-of-court statement, even one that falls within its definition of "testimonial" statements, is not objectionable under the Confrontation Clause to the extent it is offered for some evidentiary purpose other than the truth of the matter asserted. When the relevance of the out-of-court statement derives solely from the fact that it was made, and not from the content of the assertion it contains, there is no constitutional imperative that the accused be permitted to confront the declarant. In this context, the one who bears "witness against" the accused is not the out-of-court declarant but the one who testifies the statement was made, and it satisfies the Confrontation Clause that the accused is able to confront and cross-examine him.

*Langham*, 305 S.W.3d at 576-77 (*citing Crawford*, 541 U.S. at 59; *Tennessee v. Street*, 471 U.S. 409, 414, 105 S. Ct. 2078, 85 L. Ed. 2d 425 (1985)).

We have already concluded that the testimony surrounding the man who approached the officer was not made to establish the truth of the matters allegedly asserted by the man. Rather, they were admitted as the explanation of the investigation made by the officer and how Stuart became a suspect in the burglary. Thus, the relevance of the alleged out-of-court dialogue does not derive from its content. *See Langham*, 305 S.W.3d at 577. The testifying officer was the person "bearing witness" against Stuart and he was available for confrontation and cross-examination at trial. Thus, the requirements of the Confrontation Clause were satisfied. *See id*. We overrule issue two.

### Failure to Grant Mistrial

Stuart complains in his third issue that the trial court erred by refusing to grant a mistrial after a law enforcement witness testified that Stuart was untruthful when being

questioned about the burglary.  The following exchange took place:

> STATE: What was it like when you started your interview?
>
> WITNESS: From the time he sat down, especially when I showed him the video, I mean, you can see in the video he puts his head down.  It takes him a while to answer questions.  No eye contact.  At one point I had to ask him if he was okay.  He acted like he was going to pass out.  Face turned white.  Just consistent with someone that was not telling the truth.
>
> STUART: For a police officer to testimony [sic] someone is not telling the truth is not response to the question.  We object to a peace officer as someone giving the opinion of whether or not someone is telling the truth.  It is not rational.  It violates the motions.
>
> THE COURT:  What are you requesting?
>
> STUART: First I object to the testimony.
>
> THE COURT:  Sustained.
>
> STUART: We ask the jury to be instructed to disregard.  It …
>
> THE COURT:  I will.
>
> STUART: We will ask for a mistrial.
>
> THE COURT:  You will be denied on your motion for mistrial.  I will instruct the jury.
>
> THE COURT:  Members of the jury, under the rules—under trial rules in criminal cases it is inappropriate and really not permitted for law enforcement officers to express an opinion as to whether or not somebody is telling the truth or not, as the officer just did.  I am instructing you as members of the jury, each and every one of you, that you are to disregard that statement that was an intent to offer his opinion.  But the point is that you are the sole determiners of the reality [sic] and

credibility of the witnesses and the weight to be given their testimony. That is your exclusive domain. It would be an intrusion upon that to permit other lay witnesses to offer their opinion as to what your findings should be. That is my instructions [sic]. Everybody understand to disregard that?

All right. You may proceed.

We presume that a jury follows a court's instruction to disregard testimony, absent some proof from the record that the jury did not or could not follow such an instruction. *See Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005). Stuart does not argue that the instruction was improper or that the jury did not or could not follow it. Further, we have not found anything in the record to indicate that the jury did not or could not follow the instruction. Accordingly, the trial court did not abuse its discretion in instructing the jury to disregard the officer's testimony that Stuart was not telling the truth and in denying his motion for mistrial. We overrule issue three.

*Conclusion*

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed March 27, 2014
Do not publish
[CR25]