# NO. 12-14-00125-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JEFFREY DOCK WRIGHT,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, Jeffrey Dock Wright, appeals his conviction for the state jail felony offense of possession of a controlled substance. In two issues, he complains of the improper admission of hearsay and the violation of his right to confront the witnesses against him. We affirm.

### BACKGROUND

Sergeant Destry Walsworth went to room 115 of the Lone Star Inn in response to a dispatch that some people were being held in that room against their will. Connie Ivy and Tonya Martin were the room's occupants. Connie Ivy told Sergeant Walsworth that a black man in room 128 was holding his keys "for a drug debt."

Dondra Haynes answered Walsworth's knock on the door of room 128. Walsworth testified that he heard a sound in the bathroom that sounded like someone trying to put the porcelain top on the commode tank. Haynes told the officer that the man in the bathroom was her husband. Walsworth asked that the man come out of the bathroom. Appellant came out of the bathroom. When told of the complaint of the couple in room 115, Appellant gave Sergeant Walsworth the keys to Ivey's car.

Both Haynes and Appellant consented to a search of the room. Walsworth went into the bathroom and removed the porcelain top from the commode tank. He found a brown bottle

floating in the tank. Walsworth believed the rocks in the bottle were crack cocaine. Walsworth's field tests and later DPS lab analysis confirmed that the rocks were crack cocaine.

At the hearing on Appellant's motion in limine, Appellant specifically urged the exclusion of Ivy's statement that Appellant had taken his car keys and was holding them for a drug debt. The trial court denied the motion. Before trial began, the trial court conducted another hearing outside the presence of the jury to hear Walsworth's testimony. Appellant again objected to that portion of Walsworth's testimony that indicated the keys had been held for a drug debt. Appellant maintained the statement was inadmissible hearsay, because that part of Ivy's statement was not necessary to explain Officer Walsworth's presence or course of action and implicated him as a drug dealer. Appellant also repeated his objection based upon the violation of the Confrontation Clause. The trial court overruled Appellant's objections. Walsworth testified at trial over objection that he focused his investigation on room 128 because Ivy informed him that the man in that room was holding his car keys because of a drug debt.

Appellant testified that he had loaned Ivy and Martin some money, because someone had broken into the couple's car and taken everything. He said he took their car keys as security until they could repay him the next day. Appellant testified that he had never seen the cocaine introduced at trial.

## HEARSAY: THE INVESTIGATION EXCEPTION

In his first issue, Appellant maintains the trial court erred in allowing Sergeant Walsworth to testify that Appellant had taken the keys to secure payment of a drug debt. The State argues that Walsworth's testimony regarding Ivy's statement was necessary and admissible to explain Walsworth's presence at the crime scene, that it merely showed the information acted upon by the officer, and that it was not offered to prove the truth of the matter asserted.

Appellant argues that the challenged portion of Walsworth's testimony went beyond what was necessary to explain his presence at the scene.

### Standard of Review

A trial court's decision to admit or exclude evidence is reviewed for abuse of discretion. *Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005). A trial court abuses its discretion if its decision falls outside the "zone of reasonable disagreement." *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990). In conducting this review, the appellate court

should view the evidence in the light most favorable to the trial court's decision. *See Kelly v. State*, 824 S.W.2d 568, 574 (Tex. Crim. App. 1992).

A violation of evidentiary rules that results in the erroneous admission of evidence is nonconstitutional error. *See Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). Nonconstitutional error that does not affect substantial rights must be disregarded. *See* TEX. R. APP. P. 44.2(b); *Anderson v. State*, 182 S.W.3d 914, 918 (Tex. Crim. App. 2006). A substantial right is affected when the error has a substantial and injurious effect or influence in the determination of the jury's verdict. *Johnson v. State*, 43 S.W.3d 1, 5 (Tex. Crim. App. 2001). Our court of criminal appeals adopted this language from the Supreme Court's opinion in *Kotteakos v. United States*, 328 U.S. 750, 66 S. Ct. 1239, 90 L. Ed. 1557 (1946). In *Johnson*, the court of criminal appeals quoted the Supreme Court as follows:

> [I]f one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand.

*Johnson*, 43 S.W.3d at 4 (quoting *Kotteakos*, 328 U.S. at 764-65, 66 S. Ct. at 1248).

## Applicable Law

"[T]estimony by an officer that he went to a certain place or performed a certain act in response to generalized 'information received' is normally not considered hearsay because the witness should be allowed to give some explanation of his behavior." *Poindexter v. State*, 153 S.W.3d 402, 408 n.21 (Tex. Crim. App. 2005). "But details of the information received are considered hearsay and are inadmissible—unless the officer's conduct has been challenged, for instance as lacking in probable cause." *Id*. "The appropriate inquiry focuses on whether the 'information received' testimony is a general description of possible criminality or a specific description of the defendant's purported involvement or link to that activity." *Id*. (quoting *Head v. State*, 4 S.W.3d 258, 261 (Tex. Crim. App. 1999)). An officer "should not be permitted to relate historical aspects of the case, replete with hearsay statements in the form of complaints and reports[,] on grounds that [he] was entitled to tell the jury the information upon which [he] acted." *Id*. (quoting *Schaffer v. State*, 777 S.W.2d 111, 114-15 (Tex. Crim. App. 1989)).

**Discussion**

Sergeant Walsworth testified over objection that Ivy told him "the subject [in room 128] had the keys to the car over a possible drug debt that [he] owed." The challenged portion of Walsworth's testimony—"over a possible drug debt that Mr. Ivy owed"—was detail unnecessary to explain the officer's presence at the scene or to explain why he went to room 128. But it does serve to strongly indicate that Appellant was a drug dealer and to link him to the cocaine found in Haynes's room. The challenged portion of Walsworth's testimony was inadmissible hearsay, and the trial court erred in overruling Appellant's hearsay objection.

Sergeant Walsworth testified that he heard the porcelain top to the toilet tank being replaced moments before Appellant came out of the hotel bathroom. When Walsworth checked the tank, he found the container with the cocaine in the tank. The container was beginning to fill with water indicating that it had been hidden there only moments before. Walsworth's testimony firmly established Appellant's possession of the cocaine.

Appellant explained that he retained Ivy's car key as security for a $200 cash loan he had made to Ivy the night before. He claimed he loaned the money to Ivy, a total stranger he met at a hotel known for drug dealing, because he was moved by Ivy's tale of a recent misfortune that left him temporarily destitute. The jury rejected Appellant's explanation. *See **Thomas v. State***, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) (jury is sole judge of credibility and weight to be attached to witness testimony). Appellant's testimony revealed he had three prior convictions for bank robbery as well as a prior conviction for cocaine possession. The State made no further reference to the challenged testimony in the presentation of its case nor was it mentioned in argument. We conclude that the trial court's error in overruling Appellant's objection to the testimony had no substantial effect on the jury's decision to convict Appellant or on the punishment assessed. Appellant's first issue is overruled.

## RIGHT OF CONFRONTATION

In his second issue, Appellant contends the trial court reversibly erred in admitting Walsworth's testimony regarding Ivy's out-of-court statements, because their admission violated his Sixth Amendment right of confrontation.

**Applicable Law**

The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend VI. Out of court statements offered against the accused that are "testimonial" in nature are objectionable unless the prosecution can show that the out-of-court declarant is presently unavailable and the accused had a prior opportunity to cross examine him. *Crawford v. Washington*, 541 U. S. 36, 59, 124 S. Ct. 1354, 1369, 158 L. Ed. 2d 177 (2004); *Langham v. State*, 305 S.W.3d 568, 575-76 (Tex. Crim. App. 2010). "Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency." *Davis v. Washington*, 547 U.S. 813, 822, 126 S. Ct. 2266, 2273, 165 L. Ed. 224 (2006). "They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *Id*., 547 U.S. at 822, 126 S. Ct. at 2273-74. "Primary" purpose means "chief" or "principal" purpose. *Langham*, 305 S.W.3d at 579.

**Discussion**

Sergeant Walsworth responded to a report that two people were being held against their will in room 115 of the Lone Star Inn. He went to room 115 and made contact with Connie Ivy and Tonya Martin. Initially, Ivy told the officer that a black male in room 128 was holding his keys, but he did not know why. When Tonya Martin urged Ivy to tell the truth, Ivy told Walsworth that the black male in room 128 was holding his keys for a drug debt.

The primary reason Walsworth questioned Ivy was to develop information that would enable him to respond appropriately to the situation. Neither Walsworth's questions nor the response elicited were for the principal purpose of developing facts for future prosecution. Therefore, Ivy's statement that his car keys were being held by someone in room 128 for a drug debt was nontestimonial in nature. The admission of Sergeant Walsworth's testimony regarding Ivy's statement did not violate Appellant's Sixth Amendment right to confrontation. Appellant's second issue is overruled.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

**BILL BASS**
Justice

Opinion delivered July 8, 2015.
*Panel consisted of Worthen, C.J., Neeley, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 8, 2015

NO. 12-14-00125-CR

**JEFFREY DOCK WRIGHT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-1880-13)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Neeley, J. and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*